COCKRELL & COMPANY *v.* CHESAPEAKE & POTO-
MAC TELEPHONE COMPANY.

TELEPHONE CONTRACT; TERMINATION; UNLAWFUL RATE.

One who continues to accept telephone service after due notice of the
termination of his existing contract with the telephone company
because the contract rates are unlawful, although declaring that he
will pay only the contract rates, must pay the lawful rates for such
service irrespective of the terms of the contract. (Citing *Heiskell* v.
*Chesapeake & P. Teleph. Co.* 45 App. D. C. 138.)

No. 3058.    Submitted February 6, 1918.    Decided March 4, 1918.

HEARING on an appeal from a judgment of the Supreme
Court of the District of Columbia for want of a sufficient affi-
davit of defense in an action for telephone service rendered.
                                                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

Appeal from a judgment for the Chesapeake & Potomac
Telephone Company, plaintiff, appellee here, under the 73d
rule.

Plaintiff was furnishing Cockrell & Company, defendant,
appellant here, telephone service under flat-rate business tele-
phone contracts which provided that either party might ter-
minate them after the expiration of the first year by ten days'
notice in writing.    Subsequent to the passage of the Act of
March 4, 1913 (37 Stat. at L. 974, chap. 150), creating the
Public Utilities Commission, and the ruling of the Commis-
sion that such flat-rate contracts were discriminatory within
the meaning of said act, plaintiff duly notified defendant of
their termination.    Thereupon defendant wrote plaintiff that if
telephone service was continued "the defendant would not pay
for such service upon any terms other than those contained in

said contracts." In another communication defendant said: "*We demand a continuance of said flat-rate service contracts;* and if you render service on said telephones, we shall not, irrespective of any past or future notice from you, to the terms of which we shall not have agreed in writing, pay you for such service, upon any terms other than those contained in said flat-rate service contracts." To these communications plaintiff responded that it could continue the service "only at our regular standard rates." To this defendant answered again denying the right of the plaintiff to abrogate said flat-rate contracts, and insisting that it would be *unlawful* for plaintiff to demand a greater compensation than therein fixed. However, service was continued, and this suit is for $1,890.99, the difference between the amount called for by said flat-rate contracts and the measured service.

*Mr. J. J. Darlington* and *Mr. W. C. Sullivan,* for the appellant, in their brief cited:

*Alexander* v. *Alabama Western R. Co.* 179 Ala. 484; *Armour Packing Co.* v. *United States,* 209 U. S. 57, 72; *Baldwin* v. *Com.* 11 Bush, 426; *Broughton* v. *Broughton,* 11 Mich. 26; *Cohn* v. *Heimbauch,* 86 Wis. 176, 180; *Efron* v. *Stees,* 113 Minn. 242; *Ford* v. *MacVeagh,* 55 Ill. 122; *Gallagher* v. *Equitable Gaslight Co.* 141 Cal. 705; *General Lithograph & Printing Co.* v. *Washington Rubber Co.* 55 Wash. 461; *Gulf, Colorado R. Co.* v. *Hefley,* 158 U. S. 98; *Heiskell* v. *Chesapeake & P. Teleph. Co.* 44 Wash. L. Rep. 295; *Hickey* v. *Lundy,* 168 Mich. 338; *Iron Works* v. *Douglas,* 49 Ark. 355; *Jameson* v. *Carpenter,* 68 N. H. 63; *Ladd* v. *Rogers,* 11 Allen, 209; *Louisville & N. R. Co.* v. *Mottley,* 219 U. S. 467; *Meyers* v. *Meinrath,* 101 Mass. 366; *New Haven R. Co.* v. *Interstate Commerce Commission,* 200 U. S. 361, 381; *Perkins* v. *Hart,* 11 Wheat. 237, 252–253; *Phoenix Lumber Co.* v. *Houston Water Co.* 94 Tex. 464; *Seigel* v. *Borland,* 191 Ill. 112; *Sherley* v. *Sherley,* 84 Atl. 165; *Sloan* v. *Wolf Co.* 124 Fed. 196; *Smith* v. *Great Northern R. Co.* 15 N. D. 195; *Southern R. Co.* v. *Harrison,* 43 L.R.A. 385; *Texas & P. R. Co.* v. *Abilene Cotton*

*Oil Co.* 204 U. S. 426; *Texas & P. R. Co.* v. *Mugg*, 202 U. S. 242; *Thomas* v. *Richmond*, 12 Wall. 349, 357; *Tietz* v. *Tietz*, 90 Wis. 66; *Till* v. *LaSalle Silk Mfg. Co.* 5 Daly, 19; *Underhill* v. *No. Amer. Kerosene Gaslight Co.* 36 Barb. 354; *Voorhees* v. *Combs*, 33 N. J. L. 496; *Walker* v. *Brown*, 28 Ill. 383; *Walson* v. *Gugino*, 204 N. Y. 542.

*Mr. Charles Cowles Tucker, Mr. Henry B. F. Macfarland, Mr. J. Miller Kenyon,* and *Mr. Edward S. Bailey,* for the appellee, in their brief cited:

*Armour Packing Co.* v. *United States*, 209 U. S. 57; *Central R. Co.* v. *Mauser*, 241 Pa. 603; *Cunningham Mfg. Co.* v. *Rotograph Co.* 30 App. D. C. 524; *Georgia R. Co.* v. *Birmingham Sand & Brick Co.* 64 So. 202; *Heiskell* v. *Chesapeake & P. Teleph. Co.* 44 Wash. L. Rep. 295; *Illinois C. R. Co.* v. *Henderson Elevator Co.* 226 U. S. 440; *Kansas City Southern R. Co.* v. *Carl*, 227 U. S. 639; *Louisville & N. R. Co.* v. *Maxwell*, 237 U. S. 94; *New York, N. H. & H. R. Co.* v. *York & V. Co.* 215 Mass. 36; *Savannah F. & W. R. Co.* v. *Bundick*, 94 Ga. 775; *Smith* v. *Great Northern R. Co.* 15 N. D. 195; *Texas & P. R. Co.* v. *Abilene Cotton Oil Co.* 204 U. S. 445.

Mr. Justice ROBB delivered the opinion of the Court:

It thus appears that there was a difference of opinion between this public service corporation and the defendant, one of its patrons, as to whether the flat rate or measured service rate was in force. That question was determined in *Heiskell* v. *Chesapeake & P. Teleph. Co.* 45 App. D. C. 138, where it was ruled that such flat-rate contracts were discriminatory and prohibited by said Public Utilities Act. The defendant insists, nevertheless, that plaintiff may not recover because "the law does not create an implied agreement where an express contract already exists." We think this contention is inconsistent with our ruling in the *Heiskell Case.* When this service was rendered, the law had fixed the measure of compensation, and the plaintiff was without authority to exact more or receive less.

The service having been rendered to and accepted by the defendant, recovery may be had, as repeatedly held by the Supreme Court of the United States. The decisions on the point are carefully reviewed in *Louisville & N. R. Co.* v. *Maxwell*, 237 U. S. 94, 59 L. ed. 853, L.R.A.1915E, 665, P.U.R.1915C, 300, 35 Sup. Ct. Rep. 494, where the court, speaking of the Interstate Commerce Act, said: "The rate of the carrier duly filed is the only lawful charge. Deviation from it is not permitted upon any pretext. Shippers and travelers are charged with notice of it, and they as well as the carrier must abide by it, unless it is found by the Commission to be unreasonable. Ignorance or misquotation of rates is not an excuse for paying or charging either less or more than the rate filed."

The defendant having stated no defense, it follows that the judgment must be affirmed, with costs.          *Affirmed.*